The document below is hereby signed.

Signed: March 31, 2014



_S. Martin Teel, Jr._
_United States Bankruptcy Judge_

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| LAWRENCE WHITLEY AND IRENE WHITLEY, | ) ) ) | Case No. 88-00180 (Chapter 13) Not for publication in |
| Debtors. | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER DENYING
APPLICATION FOR RELEASE OF UNCLAIMED FUNDS

On February 10, 2014, Citibank, N.A. filed an application for release of unclaimed funds in the amount of $101.00 (Dkt. No. 48). This is the third time that Citibank or a related entity has sought to recover the unclaimed funds. See attached _Memorandum Decision and Order_ dated December 28, 2010, and entered by the clerk on December 29, 2010.

The governing statute, 28 U.S.C. § 2042, requires that in order to obtain a release of unclaimed funds, the applicant must submit "full proof of the right thereto." This application, like the prior applications, fails to comply with that requirement. Although the application is signed under penalty of perjury and states that the debt remains unsatisfied in an amount exceeding the unclaimed funds, it provides the following information in

paragraph 4 of the form of application used in this court for obtaining a release of unclaimed funds:

> 4. An account record regarding amounts owed on the debt:
> [ ]   was not maintained;
> [ ]   was maintained and a copy of the page stating the balance currently owed is attached hereto;
> [x]   was maintained but is unavailable because:
>
> but I can certify that the debt remains unpaid because: Payment has not been received.

The application contains no satisfactory explanation for how the applicant can know that payment has not been received, and that the debt remains unpaid, when there is no account record available.  Accordingly, the applicant has not submitted "full proof of [its] right" to the unclaimed funds as required by § 2042.

This court generally does not require that an attorney represent a corporation with respect to an application to obtain a release of unclaimed funds.  However, this is the third unsuccessful application, signed by a non-attorney, seeking to obtain the $101.00 in unclaimed funds.  The court carefully explained in the *Memorandum Decision and Order* dated December 28, 2010, the burden the applicant faces, but the applicant appears to be incapable, without the assistance of an attorney, of filing an application that meets that burden.  To assure that any further application more likely will plausibly comply with § 2042, I will require that any such further application be

signed by an attorney.  It is thus

    ORDERED that the renewed application for release of unclaimed funds in the amount of $101.00 (Dkt. No. 48) filed on February 10, 2014, is denied without prejudice.  It is further

    ORDERED that any further application for the release of the unclaimed funds must be signed by a member of the bar of the district court of which this court is a unit.

    [Signed and dated above.]

Copies to:

Citibank, N.A.
c/o Santo Trombetta
388 Greenwich Street, 8th Floor
New York, NY 10013

The document below is hereby signed.

Signed: December 28, 2010.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                              )
                                   )
LAWRENCE WHITLEY and IRENE         )    Case No. 88-00180
WHITLEY,                           )    (Chapter 13)
                                   )    Not for Publication in
          Debtors.                 )    West's Bankruptcy Reporter

MEMORANDUM DECISION AND ORDER DENYING
RENEWED APPLICATION FOR RELEASE OF UNCLAIMED FUNDS

On December 17, 2010, Citicorp, N.A., successor-in-interest of Citibank Maryland, filed a renewed application for release of unclaimed funds in the amount of $101.00 (Dkt. No. 41). The chapter 13 trustee in the above-captioned bankruptcy case distributed the dividend by check to Citibank Maryland, but the check remained unpaid ninety days after the final distribution, and on September 20, 1993, she deposited the $101.00 in the registry of the court. The application does not affirmatively state that the debt that the debtor(s) owed Citibank Maryland was never fully paid by the debtor(s), and remains unpaid in the amount of at least $101.00. Without such a showing, the application must be denied.

The docket for this case reflects that it was closed without

entry of discharge, and neither the docket nor Citicorp's application state whether the unclaimed funds relate to a secured claim.  Moreover, Citicorp's application does not provide evidence that the debt was not previously satisfied by the debtor.  In light of these contingencies, the court must again deny the application.

Experience teaches that the chapter 13 trustee typically deposited unclaimed distributions to a bank when the bank, pursuant to an order granting relief from the automatic stay, was in the midst of foreclosing on the debtor's real property and did not want to waive its right to foreclose by accepting a distribution payment.  The docket here does not reflect any order granting relief from the automatic stay, but any lien would have remained enforceable after the closing of the case.  Furthermore, the debt could have been satisfied by any co-debtor[1] or by post-closure collections against the debtors since the case was closed without entry of a discharge.  Finally, although unlikely, the debtors may have voluntarily repaid the debt.  The court suspects that 17 years after the trustee deposited the unclaimed funds, Citicorp, N.A. has no records from which it can ascertain whether the debt was satisfied.  The court suspects that Citicorp, N.A.

---

[1] The court has not pulled the case file from archives to examine the creditor's proof of claim and the debtor's schedules in order to investigate whether the creditor had a lien and whether there was a co-debtor, but the burden is on the applicant to demonstrate its entitlement to the unclaimed funds.

2

has learned from an examination of court files that at one point it *was* entitled to the distribution even though now it has no idea whether a debt is still owed by the debtor for which it could legitimately assert a right to a distribution from the plan payments the trustee received from the debtors (and of which she deposited $101.00 into the registry of the court).  As this court stated with respect to the prior application filed by this applicant:

> Absent a showing that the debt payable to Citibank Maryland has not been previously satisfied, the court will not grant the relief sought.
> 
> The burden is on Citicorp to demonstrate that it is entitled to the funds sought. *Hansen v. United States,* 340 F.2d 142, 144 (8th Cir. 1965).  Although the record before the court demonstrates that Citibank Maryland was at one time entitled to the funds, Citicorp has not demonstrated a present entitlement.  The court will require pursuant to 28 U.S.C. § 2042 that the withdrawal of the funds and payment to Citicorp will be ordered only upon a demonstration by Citicorp of a **present** right to the funds. *See Willametz v. Susi*, 489 F.2d 364, 366 (1st Cir. 1973).
> 
> Although the funds were originally distributed by check made payable to Citibank Maryland pursuant to an allowed claim, the court is not willing to deem this satisfactory evidence, standing alone, of Citicorp's **continuing** entitlement, as Citibank Maryland's successor-in-interest, to the funds. *See Willametz*, 489 F.2d at 366 (funds originally deposited with district court on condition that such court enjoin enforcement of previously entered but potentially duplicative state court judgment could be distributed to creditor of prevailing party despite absence of provision for such payment upon change in circumstances justifying such payment).  If Citibank Maryland's claim that was the basis for the issuance of the distribution has already been satisfied, circumstances have changed such that Citicorp is no longer entitled, as Citibank Maryland's successor-in-interest, to the funds. *Id.* at 367 (*quoting Harris v. Balk*, 198 U.S. 215, 226 (1905) ("It ought to be

3

and is the object of courts to prevent the payment of any
debt twice over.")).

Mem. Decision and Order of August 9, 2010, at 2-3 (footnote omitted).  Section 2042 requires that in order to obtain a release of unclaimed funds, the applicant must submit "full proof of right thereto," and it is thus

ORDERED that the renewed application filed on December 17, 2010, by Citicorp, N.A., successor-in-interest of Citibank Maryland, for release of unclaimed funds in the amount of $127.00 (Dkt. No. 41) is DENIED without prejudice.

[Signed and dated above.]


Copies to:

CITICORP, N.A.
Attn: Kathleen S. Allen
3800 Citigroup Center Dr., G3-4
Tampa, FL, 33610